UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| HOLOGRAM USA, INC., et al., | ) | |
| Plaintiff(s), | ) | Case No. 2:14-cv-0916-RFB-NJK |
| | ) | ORDER DENYING MOTION TO |
| vs. | ) | LIFT STAY OF DISCOVERY |
| CIRQUE DU SOLEIL MY CALL, LLC, et al., | ) | (Docket No. 121) |
| | ) | |
| Defendant(s). | ) | |

Pending before the Court is Plaintiffs' motion to partially lift the stay of discovery ordered as to Defendant Arena3D Industrial Illusion, LLC's ("Arena3D"). Docket No. 121. Arena3D filed a response in opposition and Plaintiffs filed a reply. Docket Nos. 123, 124. The Court finds the motion properly decided without oral argument, *see* Local Rule 78-2, and the Court VACATES the hearing set for this motion for April 20, 2015.[1] For the reasons discussed below, the motion is hereby DENIED.

This Court previously granted Arena3D's motion to stay discovery pending resolution of its motion to dismiss for lack of personal jurisdiction. Docket No. 100. In doing so, the Court noted that personal jurisdiction is a "critical preliminary question" and that the filing of a motion to dismiss for lack of personal jurisdiction strongly favors a stay. *Id.* at 1-2 (citing *Kabo Tools Co. v. Porauto Indus. Co.*, 2013 U.S. Dist. Lexis 53570, *3 (D. Nev. Apr. 15, 2013)). Plaintiffs have made an insufficient showing that the Court should now reverse course.

---

[1] That hearing remains on calendar with respect to Arena3D's counsel's motion to withdraw.

Plaintiffs' motion to partially lift that stay is predicated on their contentions (1) that they may be denied effective discovery from Arena3D if its counsel withdraws as Arena3D may then default and (2) that Arena3D and its principals may continue to infringe Plaintiffs' patents through Blickfang or some other alter ego. *See, e.g.*, Docket No. 121 at 8. According to Plaintiffs,

> Ordinarily, a default might be a victory for a plaintiff; in this case, however, it is not. Based on Arena3D's past conduct, Plaintiffs are concerned that Arena3D's principals or affiliates will continue Arena3D's infringing activities.

*Id.* Plaintiffs fail to explain why the proper remedy for their concerns is lifting a stay of discovery when the jurisdictional picture regarding this Court's authority over Arena3D remains as unclear today as it was when the Court entered the stay of discovery. Moreover, Plaintiffs fail to explain why they do not have other–more appropriate–recourse to the extent additional infringing activities are being conducted by affiliated entities (*e.g.*, bringing suit against any new infringers).

In short, the "critical question" of personal jurisdiction remains outstanding and Plaintiffs have otherwise failed to present persuasive reason for allowing discovery despite the pendency of Arena3D's motion to dismiss. Accordingly, the motion to partially lift the stay of discovery is hereby DENIED.

IT IS SO ORDERED.

DATED: April 17, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge